# Irons *against* Miller.

When, by a rule of court, if the plaintiff files an *affidavit* of the sum *believed* to be due, he is entitled to judgment for want of an *affidavit* of defence ; *held,* that the defendant 'complies' with the rule by swearing that he has a defence "as he believes" to the greater part of the claim, and admitting the balance.

ERROR to *Alleghany* county court of common pleas.

Andrew Miller against John Irons.   Case in *assumpsit.*

" A. Miller, on his solemn oath, saith that the defendant is justly indebted to him in the sum of 169 dollars 94 cents for work, labour and materials furnished at the house he lives in, to the best of his knowledge and belief."   Sworn and subscribed, &c.

" The defendant, John Irons, being duly sworn, saith that he has a good defence, as he believes, to the greater part of the plaintiff's claim in this case.   There is something he admits to be due to the plaintiff for work, labour and service, but in his opinion it cannot exceed 55 dollars.   This amount he is ready and willing to pay. He resists and denies the claim of the plaintiff for any thing beyond this sum."   Sworn and subscribed.

[Irons v. Miller.]

The court below entered a judgment for the plaintiff for want of a sufficient *affidavit* of defence, under the following rules of court:

Rule 1. In all actions of debt or *assumpsit*, when the plaintiff shall file with the *præcipe* an *affidavit* stating the amount *believed* to be due by the defendant, he shall be entitled to judgment as for want of a plea, unless the defendant shall file an *affidavit* of defence with the plea.

Rule 2. If the defendant acknowledge a certain sum to be due, and offer to confess a judgment for the same, which is not accepted by the plaintiff, the defendant shall be entitled to recover subsequent costs from the plaintiff, unless he recover a greater sum than the amount offered.

*Baird,* for plaintiff in error.
*Shaler,* for defendant in error.

PER CURIAM.—The defendant actually filed an *affidavit* under the rule; and why was it not sufficient? He swore to a defence for all beyond a sum named by him; and the plaintiff might have had judgment for that, had he been content with it. In effect, however, the defendant swore only to his belief; but the plaintiff's demand being unliquidated, how could he swear otherwise? For it is to be remembered that the plaintiff himself swore only to his belief; nor indeed could either party do otherwise, in the case of a *quantum meruit.* The rule, by any reasonable interpretation of it, therefore, could not warrant the judgment.

Judgment reversed.